NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YADWINDER SINGH, | No. 14-72479 |
| Petitioner, | Agency No. A201-106-183 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Yadwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

We reject Singh's contentions that the agency violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

Substantial evidence supports the agency's adverse credibility determination based on omissions in Singh's asylum application statement and from his credible fear interview, and inconsistencies with his testimony as to how Singh identified his attackers as Congress Party members, whether the attackers said anything to him, and whether they sought to kill him with a sword. *See Shrestha,* 638 F.3d at 1048 (adverse credibility determination reasonable under the "totality of circumstances"). We reject Singh's contentions that the BIA failed to consider his arguments on appeal, *see Antonyan v. Holder*, 642 F.3d 1250, 1256-57 (9th Cir. 2011), or that the agency erred by considering his credible fear interview, *see Liu*

*v. Ashcroft*, 640 F.3d 918, 925-26 (9th Cir. 2011) (IJ reasonably considered statements made during airport interview and petitioner's explanations for discrepancies). Further, Singh's explanations for the omissions and inconsistencies do not compel a contrary result. *See Lata*, 204 F.3d at 1245. In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Singh's CAT claim because Singh failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Huang v. Holder,* 744 F.3d 1149, 1156 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED**.

14-72479